years and striking the fine, and otherwise affirmed. ¶ The District Attorney commendably concedes that the sentence imposed on defendant of 5 to 25 years and the additional term of imprisonment for failure to pay the fine were illegal. The reasons are: (1) manslaughter in the first degree is a class B violent felony offense and the minimum term for a first felony offender "must be fixed by the court at one-third of the maximum term imposed" (Penal Law, § 70.02, subd 4); and (2) when the jail term for nonpayment of the fine is added together with the maximum term imposed, the resulting sentence exceeds "the maximum authorized term of imprisonment" (CPL 420.10, subd 3, par [d]) for this crime, which is 25 years (Penal Law, § 70.02, subd 3, par [a]). ¶ Our examination of the record discloses that the trial court intended to impose a minimum term of not more than five years, upon the basis that defendant, apart from his domestic difficulties which culminated in the stabbing of his wife, has "led an exemplary life". Therefore, in order to carry out the sentencing Judge's purpose and to conform the sentence to the law, we modify it as indicated (*People v Feliciano,* 92 AD2d 832). Concur — Murphy, P. J., Ross, Asch and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DEVONISH, Appellant. — Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered on September 16, 1981, unanimously affirmed. ¶ Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Sandler, J. P., Ross, Asch, Bloom and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS NEGRON, Also Known as ANGEL NEGRON, Appellant. — Judgment, Supreme Court, New York County (George Roberts, J.), rendered on February 6, 1981, unanimously affirmed. ¶ Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Sandler, J. P., Ross, Asch, Bloom and Fein, JJ.

■ CHINATOWN APARTMENTS, INC., Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Defendant; CITY OF NEW YORK, Appellant, and HORN CONSTRUCTION COMPANY, INC., et al., Respondents. HOROWITZ & CHUN, P. C., et al., Counterclaim Defendants-Respondents, et al., Counterclaim Defendants. HORN CONSTRUCTION COMPANY et al., Cross-Claim Plaintiffs-Respondents, v CITY OF NEW YORK, Cross-Claim Defendant-Appellant. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Plaintiff, v DELEUW, CATHER & CO. OF NEW YORK, INC., Third-Party Defendant-Respondent. HORN CONSTRUCTION CO., INC., et al., Respondents, v CITY OF NEW YORK, Appellant. — Order of the Supreme Court, New York County (Myriam Altman, J.), entered on November 30, 1982, which granted consolidation of actions Nos. 1 and 2; directed that all pretrial proceedings in action No. 2 be completed expeditiously; and denied the motion of the City of New York to sever and dismiss the cross complaint of Horn Construction Co., Inc., and Peter Kiewit Sons' Co. against the City of New York in action No. 1 is unanimously modified, on the law and on the facts, to grant said motion to the extent of dismissing the second cause of action therein and is otherwise affirmed, without costs. ¶ Special Term properly granted consolidation of these two actions, central to both of which are the issues of responsibility for damages to the building owned by Chinatown Apartments, Inc. (Chinatown), which was being constructed at or about the